J-S30001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL ETHRIDGE, | |
| Appellant | No. 1650 WDA 2016 |

Appeal from the PCRA Order Entered October 4, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001943-2002

BEFORE: BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 07, 2018**

Appellant, Daniel Ethridge, appeals from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts underlying Appellant's conviction for first-degree murder, recklessly endangering another person, and two counts of robbery, are not germane to this appeal. A jury convicted him of these offenses on September 11, 2003. On November 24, 2003, the trial court sentenced Appellant to life imprisonment without the possibility of parole, and a consecutive term of 14-28 years' incarceration. On direct appeal, this Court affirmed his judgment of sentence on December 28, 2004, and our Supreme Court denied his

_____

[*] Retired Senior Judge assigned to the Superior Court.

subsequent petition for allowance of appeal. ***Commonwealth v. Ethridge***, 869 A.2d 6 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 878 A.2d 862 (Pa. 2005).

Appellant filed a timely, *pro se* PCRA petition, his first, on November 16, 2005, which was subsequently denied by the PCRA court on March 26, 2010, following appointed counsel's filing of a ***Turner***/***Finley***[1] letter. On January 7, 2011, this Court issued a judgment order remanding the case for the reinstatement of Appellant's PCRA rights and for the appointment of new counsel. ***See Commonwealth v. Ethridge***, 23 A.3d 1077 (Pa. Super. 2011) (judgment order). A second PCRA attorney, Daniel Chunko, Esq., was appointed to represent Appellant, but that attorney's appointment contract with the PCRA court expired while he was reviewing Appellant's petition, prompting the court to appoint yet another attorney on December 12, 2012. However, ten days later, Attorney Chunko filed a ***Turner***/***Finley*** letter and a motion to withdraw with the PCRA court. Consequently, Appellant's third PCRA attorney moved to vacate his appointment, which the PCRA court granted. Appellant then filed two motions for leave to amend his PCRA petition on October 17, 2013, and July 23, 2014. According to the PCRA Court, "[n]o ruling was made on these motions." PCRA Court Opinion (PCO), 5/11/17, at 5.

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

Yet another attorney was appointed to represent Appellant on July 9, 2014. That attorney withdrew 20 days later with the permission of the PCRA court. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on April 20, 2015, and dismissed the petition on May 15, 2015. However,

> [p]rior to the court's dismissal, … [Appellant] had sent a motion for an extension of time to object to the dismissal, which was not lodged with the Clerk of Courts until May 26, 201[5]. After having already filed its order dismissing the petition, the court granted [Appellant]'s motion for an extension of time on May 29, 2015, and allowed [Appellant] an additional thirty (30) days to file his objections. [Appellant] filed no objections, but on May 17, 2016, [Appellant] filed a "Notice of Nunc Pro Tunc Appeal" from the court's May 15, 2015 order dismissing his petition.
>
> The court then issued a second order dismissing [Appellant]'s petition on July 20, 2016. Rather than appealing from the second order, on August 24, 2016, [Appellant] filed a second PCRA petition and an accompanying "memorandum of law" asserting that he was entitled to new PCRA proceedings with new appointed counsel because Attorney Chunko no longer represented him at the time of his no merit letter, and asserting that he was not served with notice of the May 15, 2015 dismissal of his petition, and that he instead relied on the court's granting of his request for an extension. The court dismissed the second petition on September 30, 2016,[2] and [Appellant] filed his notice of appeal on October 24, 2016. On November 2, 2016, the court ordered [Appellant] to file his [Pa.R.A.P. 1925(b) statement], and on November 17, 2015, [Appellant]'s … [Rule 1925(b)] statement was lodged with the Clerk of Courts….

PCO at 5-6. The PCRA court then issued its Rule 1925(a) opinion on April 11, 2017.

---

[2] This order was dated September 30, 2016, but not docketed in the lower court until October 4, 2016.

- 3 -

On January 25, 2018, the Commonwealth filed an application to quash

Appellant's appeal. In response, this Court issued the following order:

> The motion to quash is hereby DENIED without prejudice to the moving party's right to again raise this issue, if properly preserved, in the appellate brief or, if the brief has already been filed, then in a new application that may be filed after the appeal has been assigned to the panel of this Court that will decide the merits of the appeal.

Order, 4/4/18, at 1 (single page). Subsequently, the Commonwealth filed

neither a brief[3] nor a motion to quash Appellant's appeal since the instant

panel was assigned.

Appellant now presents the following questions for our review:

> Whether the PCRA court erred as a matter of law in dismissing Appellant's petition without issuing the mandatory dismissal notice [pursuant to Rule 907]?

> Whether PCRA counsel was ineffective for withdrawing his representation of Appellant based on the filing of a "no-merit" letter by any attorney who was no longer counsel of record?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition

under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error. ***Commonwealth v.***

***Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the

timeliness of Appellant's petition, because the PCRA time limitations implicate

---

[3] On December 7, 2017, following the Commonwealth's *second* request for an extension of time to file a brief, this Court granted the Commonwealth until January 26, 2018 to file an appellee's brief. Six months later, the Commonwealth has still not filed a brief in this matter.

our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant was convicted and sentenced in 2003, and his judgment of sentence became final in 2005. ***See Commonwealth v.***

*Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (stating that "under the PCRA, [a] petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court") (citing *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998)). Accordingly, Appellant's August 2016, *pro se* PCRA petition is patently untimely.

Upon review of Appellant's PCRA petition, as well as the arguments he presents in his brief, it is apparent that Appellant has not attempted to avail himself of any of the enumerated exceptions to the timeliness requirements of the PCRA that are set forth in Section 9545(b)(1)(i)-(iii). Accordingly, we ascertain no error in the dismissal of Appellant's petition without a hearing. *See Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017) ("The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.").

We also note that with respect to untimely PCRA petitions, not every defect in Rule 907 procedure requires a remedy. Even when a petitioner preserves a claim that a PCRA court failed altogether to provide notice of dismissal under Rule 907, "it does not automatically warrant reversal" when "the petition is untimely[.]" *Commonwealth v. Taylor*, 65 A.3d 462, 468

(Pa. Super. 2013). Here, the PCRA court denied Appellant's PCRA petition as untimely,[4] yet nothing in his argument regarding the failure of the PCRA court to issue a Rule 907 notice in this case bears upon the timeliness of his petition.

Order **affirmed**.

Judge Stabile joins this memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/07/2018

---

[4] Despite issuing an order dismissing as untimely Appellant's current PCRA petition, filed in August of 2016, **see** Order, 9/22/16, at 1 (single page), the PCRA court's opinion treated "this appeal as an appeal from the dismissal of the first petition [filed in November of 2005]…[,]" citing **Commonwealth v. Rivera**, 816 A.2d 282 (Pa. Super. 2003), but without providing any explanation or analysis concerning that determination, PCO at 8. In **Rivera**, we held that a petitioner who had been not been advised of his right to appeal from his first, timely PCRA petition, was entitled to have his second, otherwise untimely PCRA petition treated as having been timely filed due to that error. Here, in both the first and second orders issued by the court dismissing Appellant's first, timely PCRA petition, Appellant was advised of his right to appeal from those decisions. **See** Order, 5/15/15, at 1 (single page) (advising Appellant that he had "thirty (30) days from the entry of this Order to file [an] appeal"); **and see** Order, 7/22/16 at 3 (advising Appellant that "if he wishes to appeal this final order, he has thirty (30) days from the entry of this Order to file said appeal"). Accordingly, **Rivera** is not applicable in these circumstances.